IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JOHN J. HAYMAN III and<br>SCOTT HAYMAN,<br>　　　Plaintiffs,<br><br>v.<br><br>STERILUMEN, INC.,<br>　　　Defendant. | )<br>)<br>)<br>)　　NO.<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

COMES NOW John J. Hayman, III and Scott Hayman, Plaintiffs in the above-styled action, and shows this Court the following:

### THE PARTIES, JURISDICTION, AND VENUE

1.

Plaintiff John J. Hayman III ("John") is a Georgia resident and can be contacted through the undersigned counsel.

2.

Plaintiff Scott Hayman ("Scott") is a Georgia resident and can be contacted through the undersigned counsel.

3.

Defendant SteriLumen, Inc. (the "Company") is a New York Corporation with its principal place of business in Colorado.  Company can

be served through its registered agent: Vcorp Agent Services, Inc., 289 S Culver Street, Lawrenceville, GA 30046.

4.

Plaintiffs are citizens of Georgia and Company is a citizen of both New York and Colorado. As such, complete diversity exists in this case.

5.

This Court has subject matter jurisdiction over the Company pursuant to 28 U.S.C. § 1332 because: (i) the amount in controversy exceeds $75,000.00 and (ii) this action is between citizens of different states.

6.

This Court has personal jurisdiction over the Company, as the Company conducts business in Georgia and the claims in this matter arise out of the Company's business activities in Georgia.

7.

Venue is proper in this district and division under 28 U.S.C. § 1391, because a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this district and division.

## FACTUAL BACKGROUND

8.

As a part of a larger transaction in 2021, John entered into an employment agreement with the Company.

9.

As a part of that same transaction, contemporaneously, Scott also entered into an employment agreement with the Company.

10.

As of the date of this filing, both John and Scott are currently employed by the Company.

11.

Pursuant to the employment agreements of both John and Scott, they were to each receive a retention bonus, each in the amount of $125,000.00, within 15 days after the one-year anniversary of the closing of the transaction.

12.

The transaction closed on September 27, 2021.

13.

All conditions precedent to the obligation of the Company to pay the bonus to John and to pay the bonus to Scott were satisfied.

14.

As such, the retention bonuses owed to both John and Scott were to be paid to each of them on or before October 12, 2022.

15.

The Company failed to pay either John or Scott any of their retention bonus.

16.

John and Scott have contacted the Company on multiple occasions regarding the overdue bonuses.

17.

Nevertheless, the Company has failed and/or refused to pay the overdue bonuses.

**COUNT ONE**
**BREACH OF CONTRACT**
**(John v. Company)**

18.

Plaintiff incorporates all of the previous paragraphs as though set forth at length herein.

19.

Pursuant to his employment agreement, John's first retention bonus of $125,000.00 became due and payable to him on October 12, 2022.

20.

The Company breached its contract with John by failing to pay the retention bonus due.

21.

John should be awarded pre-judgment interest on the overdue bonus, as the amount claimed is a liquidated sum.

22.

John should be awarded its attorney's fees, costs, and litigation expenses pursuant to O.C.G.A. § 13-6-11, as the Company has acted in bad faith, been stubbornly litigious, and has caused unnecessary trouble and expense.

## COUNT TWO
## BREACH OF CONTRACT
### (Scott v. Company)

23.

Plaintiff incorporates all of the previous paragraphs as though set forth at length herein.

24.

Plaintiff incorporates all of the previous paragraphs as though set forth at length herein.

25.

Pursuant to his employment agreement, Scott's first retention bonus of $125,000.00 became due and payable to him on October 12, 2022.

26.

The Company breached its contract with Scott by failing to pay the retention bonus due.

27.

Scott should be awarded pre-judgment interest on the overdue bonus, as the amount claimed is a liquidated sum.

28.

Scott should be awarded its attorney's fees, costs, and litigation expenses pursuant to O.C.G.A. § 13-6-11, as the Company has acted in bad faith, been stubbornly litigious, and has caused unnecessary trouble and expense.

PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request this Court:

(i) Enter judgment against the Defendant and in favor of John for:

    a. The overdue retention bonus of $125,000.00;

    b. Pre-judgment interest; and

    c. Attorney's fees and costs.

    (ii)    Enter judgment against the Defendant and in favor of Scott for:

        a. The overdue retention bonus of $125,000.00;

        b. Pre-judgment interest; and

        c. Attorney's fees and costs.

    (iii)    Any other relief the Court deems just and appropriate.

Respectfully submitted this 6th day of December, 2022.

                MATT THIRY LAW, LLC

                /s/ Matthew R. Thiry
                Matthew R. Thiry
                Georgia Bar No. 100131
                Matt Thiry Law, LLC
                P.O. Box 923054
                Peachtree Corners, GA 30010
                678-883-6127 /
                Matt@MattThiryLaw.com

## LOCAL RULE 7.1D CERTIFICATE

The undersigned hereby certifies that the foregoing has been formatted in Times New Roman font, 14-point type, which complies with the font size and point requirements of Local Rule 5.1B.

                                MATT THIRY LAW, LLC

                                /s/ Matthew R. Thiry
                                Matthew R. Thiry
                                Georgia Bar No. 100131
                                Matt Thiry Law, LLC
                                P.O. Box 923054
                                Peachtree Corners, GA 30010
                                678-883-6127 /
                                Matt@MattThiryLaw.com